*E-Filed: October 7, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEENA HAKIM, | No. C13-01895 HRL |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND ORDER DISMISSING COMPLAINT** |
| v. | |
| UNITED STATES OF AMERICA and SALEM ALBUTRUSEH, | **(Re: Dkt. 10)** |
| Defendants. | |

Plaintiff Deena Hakim sues the United States of America and Salem Albutruseh, a civilian employee of the Army, under 42 U.S.C. §1983. Pursuant to Fed. R. Civ. P. 12(b)(1), defendant United States moves to dismiss the complaint for lack of subject matter jurisdiction. Plaintiff opposes the motion. Both parties to the motion have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); FED. R. CIV. P. 73. Having considered all of the papers submitted by the parties, this Court grants defendant's motion without leave to amend.

**BACKGROUND**

This case arises from allegedly defamatory statements Albutruseh made about Hakim's character to his colleagues at the Defense Language Institute (DLI) at the Presidio of Monterey where he works as a civilian employee of the Army. First Amended Complaint ("FAC"), Dkt. 8, at 3. Hakim initially sought relief by filing a claim with the Department of the Army pursuant to the Federal Tort Claims Act (FTCA). Complaint for Damages ("Compl."), Dkt. 1, Ex. 1. The Army

denied her claim as barred by the FTCA, citing the provision which specifically exempts slander claims from coverage under the FTCA. *Id.* at Ex. 2-3; 28 U.S.C. § 2680.

Hakim then filed the instant action alleging slander in violation of California Civil Code § 46, referencing the FTCA, and naming as the sole defendant John McHugh, Secretary of the Department of the Army. *Id.* at 1. The defendant moved to dismiss on the grounds that he was improperly named and that plaintiff's slander claim was barred by the FTCA. Motion to Dismiss, Dkt. 5, at 2. In response to the motion to dismiss, Hakim amended her complaint to now base her claim for relief under § 1983 and named as defendants the United States of America and Albutruseh. FAC at 1. The United States again moves to dismiss for lack of subject matter jurisdiction.[1]

**DISCUSSION**

1. Applicable Law

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 204). In a facial attack, as is made here, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Robinson v. U.S.*, 586 F.3d 683, 685 (9th Cir. 2009).

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Jachetta v. U.S.*, 653 F.3d 898 (9th Cir. 2011) (quoting *U.S. v. Mitchell*, 463 U.S. 206, 212 (1983)). Before a court may exercise jurisdiction over any suit against the federal government, it "must have a 'clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver.'" *Id.* (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996).

As the plaintiff, Hakim has the burden of establishing that the United States has expressly waived sovereign immunity. By its terms, § 1983 does not expressly waive sovereign immunity.

---

[1] Defendant Albutruseh has apparently not been served with the summons and comlaint.

*Saucerman v. Norton*, 51 Fed. Appx. 241, 242 (9th Cir. 2002); *see also Jachetta*, 653 U.S. at 908 (finding no evidence that Congress intended to subject federal agencies to § 1983 liability), *Accardi v. United States*, 435 F.2d 1239, 1241 (3d Cir. 1970) ("The United States and other governmental entities are not 'persons' within the meaning of Section 1983."). The plaintiff cites no authority to support that the United States has waived its sovereign immunity, and this Court is unaware of any. Having failed to meet her burden, plaintiff's claim against the United States is dismissed for lack of subject matter jurisdiction.

2. Leave to Amend

"A court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007) (quoting *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir.1991)). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). An amendment would be "futile" if there is no set of facts can be proved which would constitute a valid claim or defense. See *Miller v. Rykoff-Sexton*, Inc., 845 F.2d 209, 214 (9th Cir. 1988). "Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court. . . . [H]owever, the bar of sovereign immunity is absolute: no other court has the power to hear the case . . . ." *Frigard v. United States*, 862 F.2d 201 (9th Cir. 1988).

Plaintiff's § 1983 claim is barred by sovereign immunity, and absent an express waiver, the plaintiff can alleged no set of facts which would allow her to bring a valid § 1983 claim against the United States. Additionally, this Court cannot conceive of any other legitimate claim for relief arising from this incident over which this Court would have jurisdiction. As evidenced by plaintiff's initial complaint and subsequent amendment, her § 1983 claim is a thinly veiled attempt to overcome the FTCA bar against claims for slander. *See* 28 U.S.C. § 2680(h). "In the FTCA, Congress waived the

United States' sovereign immunity for claims arising out of torts committed by federal employees. . . . The FTCA exempts from this waiver certain categories of claims." *Ali v. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008). Section 2680(h) provides that the FTCA's waiver does not apply to "any claim arising out of . . . libel [or] slander." Thus, Hakim cannot bring a claim for relief against the United States for the alleged slander by Albutruseh, a federal employee.

No matter how she characterizes it, the gravamen of her complaint is a state law claim for the tort of slander, which is not actionable against the United States. As such, this Court finds that amendment would be futile and accordingly dismisses the plaintiff's complaint as against the United States.

3. Defendant Albutruseh

There is likewise no basis for subject matter jurisdiction over Albutruseh, and the Court declines to exercise supplemental jurisdiction. *See Russell v. Dep't of the Army*, 191 F.3d 1016, 1019 (9th Cir. 1999) ("Section 1983, however, provides no right of action against federal (rather than state) officials. 'Federal officers acting under federal authority are immune from suit under section 1983.'" (quoting *Gibson v. United States*, 781 F.2d 1334, 1343 (9th Cir. 1986))). At the hearing, plaintiff advised that she has not served the summons and complaint on Albutruseh, and – in view of the Court's ruling from the bench on the motion of the United States – plaintiff consents to dismissal of the action against Albutruseh without prejudice.

**ORDER**

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant's motion to dismiss is granted as to plaintiff's § 1983 claim against the United States without leave to amend;

2. Plaintiff's claim against Albutruseh is dismissed without prejudice;

3. All claims having been dismissed, Plaintiff's First Amended Complaint is dismissed without leave to amend.

4

Dated: October 4, 2013


EDWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C 13-01895 HRL Order will be electronically mailed to:**

Claire T. Cormier    claire.cormier@usdoj.gov

**C 13-01895 HRL Order will be mailed to:**

Deena Hakim
222 Forest Avenue
Pacific Grove, CA 93950

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**